IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 2 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-00768-ZLW

MAZEN J. KHERDEEN,

      Plaintiff,

v.

CHIEF JUDGE WILLIAM BLAIR SYLVESTER, individually and as the Chief Judge of
the 18th Judicial District,
THE COLORADO 18TH JUDICIAL DISTRICT,
JUDGE CHRISTINE NICOLE CHANCE, individually and as an Arapahoe County
Judge,
JUDGE CHRISTOPHER C. CROSS, individually and as Arapahoe County Judge,
JUDGE ANNE OLADA, individually and as Arapahoe County Judge,
MAGISTRATE M. EDWARD BURNS, JR., individually and as Arapahoe County
Magistrate,
CAROL CHAMBERS, individually and as Arapahoe County District Attorney
      Attorney Registration #14948.
DAVID JONES, individually and as Assistant Arapahoe County District Attorney
      Attorney Registration #232461,
SUE A. JONES, individually and as a licensed Colorado Attorney Reg. #23928,
LAYLA EL BOUKILI, individually,
SHERIFF J. GRAYSON ROBINSON, individually and as Arapahoe County Sheriff,
JUDGE MARGARETTE T. LANGSTAFF, individually and as Arapahoe County
Replacement Judge, and
COLORADO MUSLIM SOCIETY AND ITS MEMBERS INDIVIDUALLY,

      Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on the combination motion titled "Motion to

Reinstate Case and Motion to Add Additional Defendants" submitted ***pro se*** by Plaintiff,

Mazen J. Kherdeen, and filed with the Court on July 19, 2007.  Mr. Kherdeen seeks

reconsideration of the order and judgment filed on July 6, 2007, dismissing his

complaint and the instant action without prejudice for failure to cure.  He also seeks to add Defendants to his complaint.  Mr. Kherdeen currently is incarcerated at the Arapahoe County Detention Facility in Centennial, Colorado.

The Court must construe the motion to reconsider liberally because Mr. Kherdeen is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the liberally construed motion to reconsider will be denied.  The motion to add Defendants will be denied as moot.

The Court dismissed the complaint and the instant action because Mr. Kherdeen failed to cure the designated deficiencies within the time allowed.  The reasons for the dismissal are explained in greater detail in the July 6, 2007, dismissal order.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988).  A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*,

486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The July 6, 2007, order dismissed the complaint and action without prejudice, and entered judgment in favor of Defendants and against Plaintiff. The instant motion to reconsider was filed on July 19, 2007. Plaintiff has filed the motion within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). Therefore, the motion to reconsider properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to reconsider that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver*, 952 F.2d at 1244.

Mr. Kherdeen fails to understand that the trust fund account statement he submitted to the Court on June 18, 2007, was not certified. Mr. Kherdeen also fails to understand that he may not now submit a copy of his trust fund account statement, which in any case is notarized and not certified, and cure after dismissal one of the deficiencies in this action he failed to cure prior to dismissal.

Upon consideration of the entire file, the Court finds and concludes that Mr. Kherdeen fails to demonstrate some reason why the Court should reconsider and vacate its decision to dismiss this action. Therefore, the motion to reconsider will be denied. The motion to add Defendants will be denied as moot. Accordingly, it is

ORDERED that the motion titled "Motion to Reinstate Case" submitted *pro se* by Plaintiff, Mazen J. Kherdeen, and filed with the Court on July 19, 2007, and which the

Court has construed liberally as filed pursuant to Fed. R. Civ. P. 59(e), is denied.  It is

FURTHER ORDERED that the motion titled "Motion to Add Additional

Defendants" also submitted *pro se* by Plaintiff and filed with the Court on July 19, 2007,

is denied as moot.

DATED at Denver, Colorado, this __2__ day of _____Aug._____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  07-cv-00768-BNB

Mazen J. Kherdeen
Prisoner No. 07-03576
Adams County Det. Facility
PO Box 4918
Englewood, CO 80155

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on____*8/2/07*____

GREGORY C. LANGHAM, CLERK

By:_____
          Deputy Clerk